LAW OFFICES OF
JARED M. LEFKOWITZ
250 Park Avenue, Suite 2020
New York, NY 10177
(212) 682-1440
JML@JMLefkowitzLaw.com


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUBIR BARUA,                                                         Case No.

                        Plaintiff,

        - against -

                                                            **COMPLAINT**

NAYAN BARUA,
BANGLADESH BUDDHIST VIHARA OF NEW YORK,
THE CITY OF NEW YORK,
POLICE OFFICER ASHANA KELLY, and
JOHN DOES 1-10,

                        Defendants.                          JURY TRIAL
                                                             DEMANDED
------------------------------------------------------------X

        Plaintiff Subir Barua by and through his counsel Jared M. Lefkowitz, as

and for his complaint against the above named defendants alleges as follows:

        1.  This is an action against the City of New York and New York Police

Department officers under 42 USC §§1983 and 1988 for violations of plaintiff's civil

rights, the Fourth, fifth, Eighth, and Fourteenth Amendments to the United States

Constitution and the New York State claim of negligent hiring, training, supervision,

and retention; and against all defendants for New York State claims of false arrest, false imprisonment, malicious prosecution, and infliction of emotional distress.

## PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff is an individual residing in the Eastern District of New York.

3.  Defendant Nayan Barua is an individual residing upon information and belief in the Eastern District of New York at 86-51 91st Street, Woodhaven, NY 11421 and is the President of defendant Bangladesh Buddhist Vihara of New York.

4.   Defendant Bangladesh Buddhist Vihara of New York ("BBV") is upon information and belief a religious corporation organized and existing under the laws of the State of New York in the Eastern District of New York with an address at 87-38 112th Street, Richmond Hill, NY.

5.   Defendant City of New York is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. Defendant City of New York maintains the New York Police Department.

6.  Defendant Police Officer Ashana Kelly is a duly sworn police officer of the New York Police Department, in the 102nd Precinct, acting under the supervision of said department and at all relevant times acted according to the officer's official duties.

2

7.   Defendant John Does 1-10 are other police officers in the New York Police Department and/or officer Kelly's supervisors, all of them acting under the supervision of said department, in the scope of their employment, according to their official duties, and in furtherance of the interests of the NYPD.

8.   A Notice of Claim was duly filed with the City of New York on July 28, 2014 and more than 30 days have elapsed since the service of the Notice of claim.

9.   The City of New York and its Comptroller have failed, neglected, and refused to pay, settle, compromise, or adjust the claims of plaintiff.

10.   This action has been commenced within one year and ninety days after plaintiff's causes of action accrued.

11.   All of the above named City and NYPD defendants either personally or through their employees were acting under color of State law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of New York, and were the agents, representatives, principals and/or employees of each other.

12.   This Court has jurisdiction pursuant to 42 U.S.C. §§1983 and 1988, and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

13.   Venue is proper in this District in that the plaintiff resides in this District and the acts complained of occurred in this District.

FACTS APPLICABLE TO ALL COUNTS

14.   In 2009 plaintiff and two other individuals purchased a residential property located  in the Eastern District of New York at 87-38 112th Street, Richmond Hill, NY (the "Premises").

15.   Title for the Premises was duly filed and recorded with the Queens County Clerk.

16.   Defendants BBV and Nayan Barua thereafter used and occupied portions of the Premises and continue to do so.

17.   In 2011 defendant Nayan Barua and other members of defendant BBV caused BBV to initiate a lawsuit in New York State Supreme Court, Queens County, against plaintiff and the two other owners of the Premises alleging that the Premises were purchased for the benefit and use of BBV and seeking to have title transferred to them.

18.   One of the three owners of the Premises had moved to California, had no financial stake in the Premises, and was not named on the mortgage, so he did not take steps to dispute the allegations by BBV and BBV won summary judgment against him.

4

19.     Plaintiff and the third owner do have a financial stake in the Premises, the mortgage is in their names, and they have disputed the allegations by BBV.

20.     BBV's claim is based upon a forged document, the lawsuit is ongoing, and at all times relevant to the instant proceeding plaintiff Subir Barua was and is a record title holder and owner of the Premises, a fact which at all relevant times was known to defendants Nayan Barua and BBV.

21.     On April 28, 2014 the New York City Marshall executed an order of eviction at the Premises to evict a sub-tenant.  Such eviction was unrelated to the pending lawsuit.

22.     The Marshall performed all of his duties on April 28, 2014 in evicting the sub-tenant, and left the Premises without any interference from anyone.

23.     That same day, plaintiff went to the Premises to inspect the room formerly occupied by the sub-tenant and to inspect the rest of the Premises.  Plaintiff found there to be no lock on the room, and the next day he went to the room and installed a new lock.

24.     While plaintiff remained in the Premises that day, defendant Nayan Barua called the police and Defendant Officer Kelly responded to the location.

25.   Defendant Nayan Barua stated to defendant Kelly that plaintiff had changed the locks installed by the Marshall and defendant Nayan Barua knowingly falsely stated that "he [Nayan Barua] is the legal custodian of the above mentioned location and that the defendant [plaintiff herein] did not have permission or authority to be there."

26.   Never at any time was there any proceeding or motion within the pending Supreme Court lawsuit for defendant Nayan Barua to be the legal custodian of the Premises.

27.   Further, as noted above, at all relevant times plaintiff was a record title holder and owner of the Premises absolutely entitled to be there.

28.   Such knowing false statement by defendant Nayan Barua resulted in plaintiff's arrest by Officer Kelly on the charge of Obstructing Governmental Administration (Penal Law §195.05), *to wit*, obstructing the Marshall from performing his duties.

29. Nayan Barua called the police and made such false statements to the police knowingly, intentionally, and maliciously to cause plaintiff to be arrested and incarcerated, and to cause plaintiff to spend time, effort, and money fighting criminal charges and thereby Nayan Barua and BBV could gain an advantage in the pending lawsuit.

30.   Plaintiff's arrest resulted at his arraignment in the imposition of an order of protection, the effect of which prevented plaintiff from visiting or inspecting the Premises which was the subject of the ongoing litigation.

31.   Despite defendant Nayan Barua's knowing false statements to Officer Kelly, Officer Kelly never should have arrested plaintiff.

32.   As noted, April 29, 2014, the day of plaintiff's arrest, was the day after the Marshall had come and gone and Officer Kelly therefore had no probable cause to arrest plaintiff for obstructing the Marshall.

33.   Officer Kelly and any other reasonable NYPD Officer under those circumstances should have known that in the absence of the Marshall there could be no obstruction of the Marshall.

34.   Following plaintiff's arrest, Officer Kelly's supervisors should have recognized the lack of probable cause and the lack of merit of the charges against plaintiff and should have immediately released plaintiff with no charges filed, but they failed to do so.

35.   Following plaintiff's arrest, the intake attorneys at the Queens County District Attorney's Office and their supervisors should have recognized that there was no probable cause, that the charges were not legally sustainable, and should have declined to prosecute and seen to plaintiff's immediate release.  They failed to do so

7

and in fact knowingly drafted a defective accusatory instrument against plaintiff.

36.    The Queens County Assistant District Attorneys who appeared at plaintiff's arraignment and their supervisors should have read the accusatory instrument, recognized that there was no probable cause and that the charges were not legally sustainable, and should have declined to prosecute.  They failed to do so.

37.    When the case was formally assigned to an Assistant district Attorney following arraignment, she and her supervisors should have read the complaint, recognized that there was no probable cause and that the charges were not legally sustainable, and should have voluntarily dismissed the charges.

38.    Not only did the Queens County District Attorney's office fail to do any of the above, but the DA's office answered "ready" for trial when the case was called in Queens County Criminal Court, Part AP2, on May 9, 2014 indicating that the office of the Queens County District Attorney was prepared to proceed with a criminal trial against plaintiff.

39.    Upon information and belief, it is common for the NYPD to bring faulty and defective charges, and for such faulty and defective charges to nonetheless be drafted into an accusatory instrument by the DA's office in an effort to pressure plaintiff and other criminal defendants like him to enter into a guilty plea for crimes they did not commit.

40.   By notice of motion dated May 28, 2014 plaintiff moved to dismiss the charges against him and such motion was granted in its entirety in a decision dated July 18, 2014.

41.   During the time plaintiff was incarcerated he was in constant fear for his physical safety.

42.   From the time of plaintiff's arrest and throughout his incarceration until his arraignment plaintiff was not free to leave, despite the fact that there was no probable cause to believe that plaintiff had committed a crime or arrest warrant on which to base plaintiff's detention.

43.   At all times during plaintiff's incarceration plaintiff was aware and conscious of his confinement, such incarceration was intentional by all defendants, plaintiff did not consent to such incarceration, and the incarceration was not otherwise privileged by law.

44.   For almost three months plaintiff suffered the stigma, fear, emotional distress, and expense of being a defendant in a criminal prosecution.

45.   Such circumstances were put into motion by defendants Nayan Barua and BBV, and thereafter the NYPD and District Attorney's office demonstrated gross negligence and deliberate indifference first by prosecuting plaintiff and then by failing and refusing to voluntarily dismiss the charges.

9

COUNT I

46.   As described above, plaintiff was deprived of rights secured by the Constitution and laws of the United States and such deprivation was committed under color of State law in violation of 42 U.S.C §§1983 and 1988.

47.   Plaintiff has suffered damages from such violations in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

COUNT II

48.   As described above, plaintiff was falsely arrested and thereby deprived of rights secured by the Constitution and laws of the United States and such deprivation was committed under color of State law in violation of 42 U.S.C §§1983 and 1988.

49.   Plaintiff has suffered damages from such violations in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

COUNT III

50.   As described above, plaintiff was falsely imprisoned and thereby deprived of rights secured by the Constitution and laws of the United States and such deprivation was committed under color of State law in violation of 42 U.S.C §§1983 and 1988.

51.   Plaintiff has suffered damages from such violations in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

COUNT IV

52.   As described above, plaintiff was maliciously prosecuted and thereby deprived of rights secured by the Constitution and laws of the United States and such deprivation was committed under color of State law in violation of 42 U.S.C §§1983 and 1988.

53.   Plaintiff has suffered damages from such violations in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

## COUNT V

54.  As described above, plaintiff was subjected to emotional distress and thereby deprived of rights secured by the Constitution and laws of the United States and such deprivation was committed under color of State law in violation of 42 U.S.C §§1983 and 1988.

55.  Plaintiff has suffered damages from such violations in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

## COUNT VI

56.  As described above, defendants' actions constitute negligent hiring, training, supervision, and retention of its agents, representatives, and/or employees, and thereby deprived of rights secured by the Constitution and laws of the United States and such deprivation was committed under color of State law in violation of 42 U.S.C §§1983 and 1988.

57.  Plaintiff has suffered damages from such violations in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the applicable statute and laws.

## COUNT VII - FALSE ARREST
## UNDER NEW YORK STATE LAW

58.  As described above, defendants' actions constitute false arrest.

59.  Plaintiff has suffered damages in an amount to be determined at trial but no less than $500,000, along with punitive damages.

## COUNT VIII - FALSE IMPRISONMENT
## UNDER NEW YORK STATE LAW

60.  As described above, defendants' actions constitute false imprisonment.

61.  Plaintiff has suffered damages in an amount to be determined at trial but no less than $500,000, along with punitive damages.

## COUNT IX - MALICIOUS PROSECUTION
## UNDER NEW YORK STATE LAW

62.  As described above, defendants' actions constitute malicious prosecution.

63.  Plaintiff has suffered damages in an amount to be determined at trial but no less than $500,000, along with punitive damages.

## COUNT X - NEGLIGENT HIRING,
## TRAINING, SUPERVISION, AND RETENTION
## UNDER NEW YORK STATE LAW

64.   As described above, defendants' actions constitute negligent hiring, training, supervision, and retention.

65.   Plaintiff has suffered damages in an amount to be determined at trial but no less than $500,000, along with punitive damages.

## COUNT XI - INFLICTION OF EMOTIONAL DISTRESS
## UNDER NEW YORK STATE LAW

66.   As described above, defendants' actions constitute infliction of emotional distress.

67.   Plaintiff has suffered damages in an amount to be determined at trial but no less than $500,000, along with punitive damages.

**WHEREFORE**, plaintiff demands judgment as follows:

A.  On the first count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the statute of applicable law;

14

B.  On the second count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the statute of applicable law;

C.  On the third count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the statute of applicable law;

D.  On the fourth count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the statute of applicable law;

E.  On the fifth count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the statute of applicable law;

F.  On the sixth count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages, attorneys fees, and any other damages available under the statute of applicable law;

G.  On the seventh count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages;

H.  On the eighth count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages;

I.  On the ninth count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages;

J.  On the tenth count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages;

K.  On the eleventh count, damages in an amount to be determined at trial but no less than $500,000, along with punitive damages; and

L.  Costs, attorneys fees, and such other and further relief as the Court deems just and proper.


Dated:      New York, NY
            August 28, 2014            LAW OFFICES OF
                                       JARED M. LEFKOWITZ


                                       By_____/S/_____
                                       Jared M. Lefkowitz (JL 6920)
                                       250 Park Avenue, Suite 2020
                                       New York, NY 10177
                                       (212) 682-1440
                                       JML@JMLefkowitzLaw.com
                                       Attorney for Plaintiff Subir Barua