UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| SABIR BARUA, | NOT FOR PUBLICATION |
| Plaintiff, | **MEMORANDUM & ORDER**<br>14-CV-5107 (MKB) |
| v. | |
| NAYAN BARUA and BANGLADESH and<br>BUDDHIST VIHARA of NEW YORK, | |
| Defendants. | |

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiff Subir Barua commenced this action on August 28, 2014 against Defendants Nayan Barua ("Defendant Barua"), Bangladesh Buddhist Vihara of New York ("BBVNY"), the City of New York, Police Officer Ashana Kelly and John Does. Plaintiff brought claims against the City of New York and New York Police Department ("NYPD") officers pursuant to 42 U.S.C. §§ 1983, 1988, alleging violations of his civil rights, and pursuant to New York state law for negligent hiring, training, supervision and retention. (Compl. ¶ 1.) Plaintiff also brought New York state law claims against all Defendants, including Defendant Barua and BBVNY, for false arrest, false imprisonment, malicious prosecution and "infliction of emotional distress." (*Id.*) On October 23, 2015, by Stipulation and Order, the Court dismissed the City and Officer Kelly from the case. Only Plaintiff's state law claims against Defendant Barua and BBVNY remain pending before the Court.[1] Defendants now move to dismiss Plaintiff's remaining state

---

[1] On November 20, 2014, Defendant Barua, at that time proceeding *pro se*, filed a motion to dismiss the Complaint on behalf of himself and BBVNY. (Docket Entry No. 10.) By Memorandum and Order entered on August 18, 2015, the Court denied the motion to dismiss. *Barua v. Barua*, No. 14-CV-5107, 2015 WL 4925028, at *1 (E.D.N.Y. Aug. 18, 2015).

law claims for lack of subject matter jurisdiction, and Plaintiff moves for partial summary judgment as to most, but not all, of his state law claims. For the reasons discussed below, the Court declines to exercise supplemental jurisdiction and dismisses the Complaint without prejudice.

**I. Background**

Defendant Barua is the president of BBVNY, a religious corporation in Richmond Hill, New York. (Compl. ¶¶ 3–4.) Kelly is an NYPD officer in the 102nd precinct, and John Does #1–10 are other police officers or Kelly's supervisors at the NYPD. (*Id.* ¶¶ 6–7.)

In 2009, Plaintiff and "two other individuals" purchased the property located at 87-38 112th Street in Richmond Hill, New York (the "Richmond Hill property"). (*Id.* ¶ 14.) BBVNY and Defendant Barua used the Richmond Hill property and, in 2011, initiated a lawsuit against Plaintiff and the two other owners seeking to quiet title to the Richmond Hill property (the "State Court Litigation"). (*Id.* ¶¶ 16–17.) BBVNY and Defendant Barua won summary judgment against one of the two unidentified owners in the State Court Litigation, but Plaintiff and the second unidentified owner maintain a financial stake in the Richmond Hill property and continue to dispute the ongoing litigation. (*Id.* ¶¶ 18–19.)

On April 28, 2014, the New York City Marshal evicted a sub-tenant from the Richmond Hill property. (*Id.* ¶¶ 21–22.) Plaintiff went to inspect the premises after the eviction, did not find a lock on the room where the sub-tenant was staying, and decided to install a new lock. (*Id.*

---

Defendant Barua and BBVNY argued that the Court should not assert supplemental jurisdiction because the federal claims were likely to be dismissed. *Id.* at *4. Since the City and Kelly had not moved to dismiss the federal claims, the Court explained that it would not *sua sponte* address the merits of the federal claims. *Id.* Because Defendant Barua and BBVNY did not assert that there were any other grounds for declining to exercise supplemental jurisdiction, the Court denied their motion to dismiss for lack of subject matter jurisdiction. *Id.*

¶ 23.) While Plaintiff was still at the Richmond Hill property, Defendant Barua called the NYPD and Kelly responded to the scene. (*Id.* ¶ 24.) Defendant Barua told Kelly that Plaintiff had changed the locks on the room. (*Id.* ¶ 25.) Plaintiff alleges that Defendant Barua "falsely" stated that Defendant Barua was the legal custodian of the Richmond Hill property and that Plaintiff did not have permission to enter it. (*Id.*) Plaintiff further alleges that this statement was made intentionally and maliciously with the intent to cause him to be arrested so Defendant Barua and BBVNY could gain an advantage in the State Court Litigation. (*Id.* ¶ 29.)

Despite his allegation that Defendant Barua and BBVNY won summary judgment against one of the two unidentified owners of the Richmond Hill property in their lawsuit seeking title, Plaintiff alleges that Defendant Barua did not make any motion, nor was there any proceeding, before the New York State Supreme Court for Defendant Barua to be the legal custodian of the Richmond Hill property. (*Id.* ¶ 26.) Plaintiff claims that he was a record title holder and thus was entitled to be on the premises. (*Id.* ¶ 27.)

Kelly arrested Plaintiff and charged him with obstructing governmental administration under New York Penal Law section 195.05, apparently based on Plaintiff's decision to change the locks on the room and thus interfere with the City Marshal's duties. (*Id.* ¶ 28.) At his arraignment, Plaintiff was served with an order of protection preventing Plaintiff from "visiting or inspecting" the Richmond Hill property, which was still the subject of the State Court Litigation. (*Id.* ¶ 30.) Plaintiff spent an unidentified amount of time incarcerated, during which time he was "in constant fear for his physical safety." (*Id.* ¶ 41–43.) On May 28, 2014, Plaintiff moved to dismiss the criminal charges against him. (*Id.* ¶ 40.) The motion was granted on July 18, 2014. (*Id.*) Plaintiff claims that for three months he suffered "stigma, fear, emotional distress, and expense of being a defendant in a criminal prosecution." (*Id.* ¶ 44.)

## II. Discussion

### a. Standard of review

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005)). The plaintiff has the burden to prove that subject matter jurisdiction exists, and in evaluating whether the plaintiff has met that burden, "'[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted), *aff'd*, 561 U.S. 247 (2010). A court may consider matters outside of the pleadings when determining whether subject matter jurisdiction exists. *M.E.S., Inc. v. Snell*, 712 F.3d 666, 671 (2d Cir. 2013); *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

### b. Supplemental jurisdiction

District courts have supplemental jurisdiction over state law claims "in any civil action of which the district court[] ha[s] original jurisdiction," provided the claims "are so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011) (noting that federal courts may exercise supplemental jurisdiction when federal claims and state claims "stem from the same 'common nucleus of

operative fact'" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))).

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n providing that a district court 'may' decline to exercise such jurisdiction, [section 1367(c)] is permissive rather than mandatory." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 726 (2d Cir. 2013) (citing *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003)) (stating that a district court's decision to decline to exercise supplemental jurisdiction is reviewed for abuse of discretion); *see In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions" (citation and internal quotation marks omitted)).

"In deciding whether to exercise jurisdiction over supplemental state law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity — the 'Cohill factors.'" *Klein & Co. Futures v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Pension Ben. Guar. Corp.* 712 F.3d at 727 (internal quotation marks omitted) (quoting *Valencia*, 316 F.3d at 306); *see Alliance of Auto. Mfrs., Inc. v. Currey*, 610 F. App'x 10, 14 (2d Cir. 2015) (holding it was "not improper for the court to decline to exercise its supplemental jurisdiction" after it properly dismissed the plaintiff's constitutional claims), *cert. denied*, 136 S. Ct. 1374 (2016); *N.Y. Mercantile Exch. v. IntercontinentalExchange, Inc.*, 497 F.3d 109, 119 (2d Cir. 2007)

(finding that district court's dismissal of state law claims was appropriate because "resolving the state law claim would entail resolving additional issues of fact"); *Valencia*, 316 F.3d at 308 (finding that the district court had abused its discretion by exercising supplemental jurisdiction over state law claims because, at the time of the dismissal of federal claims, no judicial opinions had been issued on the "novel and complex issues of state law"); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (alteration in original) (citation omitted)); *Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994) ("It would be an inappropriate exercise of pendent jurisdiction and a waste of federal judicial resources for the District Court to hold a trial on a purely state claim . . . .").

The Second Circuit has stated that it is appropriate for a district court to retain supplemental jurisdiction over state law claims "in actions that implicate preemption issues, state law claims that remain when federal claims are voluntarily dismissed days before the scheduled start of trial, and state law claims that remain after the district court considered [] dispositive motions." *E.D. ex rel. V.D. v. Tuffarelli*, 692 F. Supp. 2d 347, 369 (S.D.N.Y. 2010) (citing *Valencia*, 316 F.3d at 306), *aff'd sub nom. E.D. ex rel. Demtchenko v. Tuffarelli*, 408 F. App'x 448 (2d Cir. 2011); *see Winter v. Northrup*, 334 F. App'x 344, 345–46 (2d Cir. 2009) (finding that the district court did not abuse its discretion in retaining jurisdiction over state law claims "given that (1) discovery had been completed, (2) the state claims were far from novel, and (3) the state and federal claims were substantially identical"); *Ward v. Nat'l Geographic Soc'y*, 284 F. App'x 822, 823 (2d Cir. 2008) (citing *Valencia*, 316 F.3d at 306).

Courts in this circuit have declined to exercise supplemental jurisdiction over state law claims where related litigation is pending in state court. *See, e.g., Grimes v. Fremont Gen.*

*Corp.*, No. 08-CV-1024, 2011 WL 1899403, at *21 (S.D.N.Y. Mar. 31, 2011) (finding that, after the dismissal of federal law claims, the interests of comity weighed against exercise of supplemental jurisdiction over remaining state law claims, "particularly . . . in light of the pending foreclosure action in state court"); *Q Mktg. Grp., Ltd. v. P3 Int'l Corp.*, No. 05-CV-261, 2005 WL 1863791, at *5 (S.D.N.Y. Aug. 4, 2005) (declining to exercise supplemental jurisdiction over state contract and tort law claims because of a related pending state court action); *Kulesza v. N.Y. Univ. Med. Ctr.*, 129 F. Supp. 2d 267, 274 (S.D.N.Y. 2001) (declining to exercise supplemental jurisdiction where the "[p]laintiffs ha[d] already filed a state court action that ha[d] been stayed pending the outcome of the instant case," and the defendants' motion to dismiss the state law claims in the state court action had been "denied without prejudice to renewal if the state court action resumed").

Defendants present three primary arguments in favor of the Court declining to exercise jurisdiction over Plaintiff's state law claims: (1) that the parties have not yet prepared the case for trial; (2) that a trial is necessary to resolve the matter and would involve novel issues of state law; and (3) that facts relevant to the disposition of this matter are being litigated in state court. (Defs. Mem. 4–5.) Defendants argue that there are no preemption issues implicated, that the federal claims were dismissed before substantial discovery commenced, that the Court has not yet decided Plaintiff's summary judgment motion and that, "[w]hile discovery is closed, this case is far from being ready for trial." (Defs. Reply 4.) Defendants also argue that "the application of law to the facts in this case are novel in that they are intrinsically related to the very same facts" in the State Court Litigation, (*id*. at 6), and that "Plaintiff's counsel clearly intends to use the documents from the State Court Litigation to contend that Plaintiff was the title owner . . . to support his state law claims in this litigation," (*id*. at 7). Defendants further argue that the parties

7

are involved in the pending State Court Litigation to quiet title on the same property, which action was commenced in August 2011. They argue that "the crux of Plaintiff's claim in this litigation against Defendants is that he had authority to be on the premises as he is the legal owner of the subject property," while "Defendants assert that they are the owners of the subject property and they possessed title at the time of the incident giving rise to the instant litigation," which renders the issues in these cases "inextricably intertwined." (*Id*. at 5.)

Plaintiff argues that dismissal for lack of subject matter jurisdiction at this juncture would punish Plaintiff for settling the federal claims in good faith and would have a chilling effect on future plaintiffs. (Pl. Opp'n 16.) Plaintiff states that discovery is complete, including document discovery, interrogatories, party depositions, and non-party depositions. (*Id*. at 17.) Plaintiff further argues that, if the claims are dismissed and brought again in state court, the parties will be forced to conduct duplicative discovery. Plaintiff also argues that it is appropriate for the Court to resolve the state law claims because the claims do not include "novel" state law issues and, after the resolution of Plaintiff's summary judgment motion, there will be no further dispositive motion practice. (*Id*. at 17.) Plaintiff further contends that Defendants' "dilatory behavior" should weigh against granting of their motion. (*Id*. at 19.) As to the related State Court Litigation, Plaintiff argues that the claims here are not "identical" to those litigated in state court, and that Defendants' success in the State Court Litigation would not alter the merits of the claims currently pending in federal court. (*Id*. at 20.)

The considerations of judicial economy, convenience, fairness and comity all weigh in favor of the Court declining to exercise supplement jurisdiction over the state law claims and

dismissing the litigation without prejudice. Plaintiff may bring the claims in state court.[2]

Although the Court has issued a decision on a motion to dismiss, Plaintiff's partial motion for summary judgment is pending and, even if Plaintiff succeeds on that motion for summary judgment, the case will nevertheless proceed to trial on his infliction of emotional distress claim. Thus, the Court is not so invested in the merits of the state law claims that it would be uneconomical for a state court judge to adjudicate all of Plaintiff's claims. Although the parties have conducted discovery, there is no apparent reason why discovery in state court could not be limited in light of the record the parties developed in this Court.

Moreover, given the pending State Court Litigation, it appears that it would be more economical and convenient for both actions to be adjudicated in state court, where they can be consolidated or more easily streamlined to avoid issues of collateral estoppel. In addition, comity also weighs in favor of allowing a state court to adjudicate issues of state law, particularly where the issues may intertwine with property law claims already being litigated in state court. Furthermore, Plaintiff will not be prejudiced by a dismissal of state law claims in

---

[2] New York Civil Practice Rule 205(a) "expressly tolls the [statute of limitations] time period when cases have been dismissed from federal court for lack of subject matter jurisdiction." *Gestetner v. Congregation Merkaz*, No. 02-CV-116, 2004 WL 602786, at *4 n.3 (S.D.N.Y. Mar. 29, 2004) (citing N.Y. C.P.L.R. 205(a)); *see Murphy v. Flagstar Bank*, No. 10-CV-0645, 2011 WL 4566139, at * 3 (N.D.N.Y. Sept. 29, 2011) (explaining that section 205(a) "permits a party to re-file a claim in state court that was timely filed in federal court"); *Dallas v. Roosevelt Union Free Sch. Dist.*, 644 F. Supp. 2d 287, 296 (E.D.N.Y. 2009); *see also Healy v. City of N.Y. Dep't of Sanitation*, 286 F. App'x 744, 746–47 (2d Cir. 2008) ("The district court should dismiss this claim without prejudice so that Healy can seek to pursue it in state court . . . ."). Moreover, 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim asserted under [supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367; *see Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("The dismissal will not have any impact on the statute of limitations for these claims, because, pursuant to 28 U.S.C. § 1367(d), the limitations period is tolled while the claims are pending and for 30 days after they are dismissed."); *Bjorlin v. MacArthur Equities Ltd.*, No. 11-CV-00558, 2015 WL 403212, at *4 (D. Conn. Jan. 28, 2015).

this action because, under both federal and New York law, the statute of limitations applicable to the state law claims has been tolled during the pendency of the litigation in federal court. *See* N.Y. C.P.L.R. 205(a); 28 U.S.C. § 1367(d); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008); *Murphy v. Flagstar Bank*, No. 10-CV-0645, 2011 WL 4566139, at * 3 (N.D.N.Y. Sept. 29, 2011).

### III. Conclusion

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismisses those claims without prejudice. The Clerk of Court is directed to close this case.

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 30, 2016
       Brooklyn, New York